Hillsborough, {
Feb. 2, 1904. {

BOND, *Ap't*, *v.* BEAN *& a.*

Evidence that the owner of corporate stock delivered the certificate to .another person, accompanying the act with words indicating an intention to make an unconditional donation of the shares, and that the property was accepted and subsequently held by the donee, warrants a finding of an absolute and completed gift.

The fact that a certificate of corporate stock is not assigned to a donee there-·of does not render the gift incomplete as matter of law, but is evidence bearing upon the intention with which delivery was made.

The denial of a request for specific instructions is not erroneous when their .substance is included in the charge.

An exception to remarks of counsel in closing argument should be taken at the time the objectionable statement is made, or within a reasonable time thereafter, and should be made known to opposing counsel as well as to the court.

PROBATE APPEAL.    Trial by jury and verdict for the plaintiff. Transferred from the September term, 1902, of the superior court by *Stone*, J.

The issue tried was whether John D. Bean in his lifetime gave the plaintiff, who is his daughter, sixty-seven shares of the capital stock of the West End Street Railway Company standing in his name and unassigned at the time of his decease.    Mrs. Bean, a witness for the plaintiff, testified that two or three years before Mr. Bean's death he handed to the plaintiff a certificate of stock in the West End Street Railway, accompanying it with the remark, " I have got something for you—good paying stock—and I want you to keep it for your own "; that she did not know the number of shares the certificate represented ; that she afterward at different times saw the certificate in the plaintiff's room ; and that Mr. Bean paid the plaintiff the money received from dividends on the stock while he lived, and at one time when doing so said, " This is your West End Railway dividend."    Miss Gilman, who was present at the time of the delivery of the stock, testified that she saw Mr. Bean pass the certificate to the plaintiff and heard him say, " Here is a certificate of the West End Street Railway stock that I am going to give you for your own, to offset your mother's Concord Railroad stock "; that the plaintiff took it, and that the witness afterward saw it in her possession ; and that she saw Mr. Bean hand money to the plaintiff, describing it as her West End dividends.    Mrs. Bean was the widow of John D., Miss Gilman was their housekeeper, and the evidence tended to show that the delivery took place two or three years before Bean's death, while they were at the dining table at their home. Other witnesses testified to matters in corroboration of the facts above narrated.    The defendants' motions for a nonsuit and a verdict in their favor were denied, subject to exception.

At the close of the argument for the plaintiff, the defendants' counsel handed to the court the following writing : " Remarks of counsel excepted to: ' I do not believe this good lady is false to you or to anybody else.'    ' I believe that the money was intended for the wife and daughter.' "    This objection was not called to the attention of the plaintiff's counsel at the time the remarks were made, or at the time the writing was submitted to the court, and counsel had no knowledge that any objection had been made to the argument until after the case had been submitted to the

jury and they had retired from the court room. He then re-
quested that the jury might be recalled in order that the state-
ments might be withdrawn, if incompetent, which the court
declined to do. The exception to the charge is sufficiently stated
in the opinion.

*Joseph W. Fellows* and *Burnham, Brown & Warren*, for the
plaintiff.

*Mitchell & Foster* and *Taggart, Tuttle & Burroughs*, for the
defendants.

BINGHAM, J. The defendants contend that the verdict cannot
be sustained for the following reasons: (1) That the evidence
was insufficient to warrant the jury in finding a completed gift;
(2) that there was error in the charge to the jury; and (3) that
the plaintiff's counsel made improper statements in his closing
argument. We will consider the objections raised in the order
named.

1. The court held in *Bean* v. *Bean*, 71 N. H. 538, 541, that
" in the case of a gift *inter vivos* the evidence should be sufficient
to render a finding of the fact of delivery reasonable, and should
disclose the circumstances under which the delivery occurred;
that it may appear that the gift was absolute, not conditional;
that it was complete, not made in the donor's last sickness, or on
his death-bed and in view of death." The evidence adduced in
this case would seem to answer these requirements. There was
positive testimony that the certificate of stock was delivered to the
donee, accompanied by words declaring the donor's intention to
make the gift, and at a time and under circumstances such that it
could be found that the gift was absolute; and the jury have so
found. The delivery of the stock with an intent to make a com-
pleted gift, and its acceptance by the donee, vested in her the
equitable title to the property. The fact that the certificate was
not indorsed did not render the gift incomplete as a matter of law.
It was evidence bearing upon the intention with which the donor
made the gift, to be considered by the jury with the other evi-
dence in the case. *Blazo* v. *Cochrane*, 71 N. H. 585, 587 ; *Reed*
v. *Copeland*, 50 Conn. 472; *Allerton* v. *Lang*, 10 Bosw. 362;
*Walsh* v. *Sexton*, 55 Barb. 251 ; *Commonwealth* v. *Crompton*, 137
Pa. St. 138; *Bank* v. *Holland*, 99 Va. 495; *Lawler* v. *Kell*, 6
Ohio Dec. 311; *Leyson* v. *Davis*, 17 Mont. 220.

2. The request for instructions was given in substance. The
defendants cannot complain because the exact language of their
request was not followed. As was said in *Walker* v. *Railroad*,

71 N. H. 271, 273, "the substance of the requested charge having been given, it is no ground of exception that . . . a particular form of expression was not used."

3. It is unnecessary to consider whether the statement of counsel in his closing argument was proper or improper, for in the view we take of the case no exception was saved entitling the defendants to question the legitimacy of the argument. It appears that counsel for the defendants did not undertake to procure an exception to the alleged improper statement until after opposing counsel had finished his argument, and did not bring his objection to the attention of opposing counsel until after the jury had retired to deliberate. In order to save an exception of this nature, an objection should be taken at the time the alleged improper statement is made, or within a reasonable time thereafter; and counsel taking the objection should see that it is brought to the attention of opposing counsel, as well as to that of the court.

In *Story* v. *Railroad*, 70 N. H. 364, 379, the court said that an "objection to incompetent evidence of counsel in argument should be taken as to other incompetent evidence—when it is offered"; that "the error . . . is not in all cases incurable"; that "an immediate correction of the error may save the trial"; that "at no time can such correction be made with greater probability of removing the wrongful effect than at the time of utterance"; and that "for counsel, conscious of the error, to be permitted to sit by without making objection until there is less probability the wrong can be cured, would be to turn a rule of justice and fairness into a mere trap."

In *Monroe* v. *Lumber Co.*, 68 N. H. 89, 91, the defendants sought to avail themselves of an exception by presenting to the court during the argument a writing stating their objection; but as "this exception was not called to the attention of the plaintiffs' counsel, and he had no knowledge of it until after the trial," the court refused to consider it.

*Exceptions overruled.*

All concurred.