VANATA v. STATE.

Opinion delivered March 25, 1907.

<table>
<tr><td>82</td><td>203</td></tr>
<tr><td>f86</td><td>319</td></tr>
<tr><td>f88</td><td>136</td></tr>
</table>

1. MOTION FOR CONTINUANCE—DISCRETION.—Questions arising upon motions for continuance of cases rest largely in the discretion of the trial court. (Page 205.)

2. SAME—ABSENT WITNESSES.—A new trial will not be granted on account of the trial court's refusal to grant a continuance to procure the attendance of absent witnesses whose testimony would be cumulative merely. (Page 205.)

3. SAME—DILIGENCE.—An allegation in a motion for continuance that certain absent witnesses were present on a former day of the court, and that a subpoena had been issued for them to the sheriff, but that same had not been returned, fails to show due diligence in endeavoring to procure their attendance. (Page 205.)

Appeal from Garland Circuit Court; *W. H. Evans*, Judge; affirmed.

*C. V. Teague*, for appellant.

1. Upon the appellant's plea of insanity it became material to inquire into his past history. The action of the court in

overruling appellant's motion for a continuance to enable him to procure the attendance of witnesses Anderson and Folk, who, it was alleged, would testify to his insanity four or five years before the killing, and that he had taken the Keeley Cure three times, etc., was erroneous, and the refusal of the court to issue a rule on the sheriff of Sebastian County to return the subpoena issued to him for said witnesses was a denial of appellant's constitutional right to compulsory process for witnesses. 50 Ark. 161; 1 Bishop, Crim. Pro. 959 b; 5 So. 30; 60 Ark. 564; 58 Ark. 551-5.

2. After the prosecuting attorney had admitted the truth of the facts set out in the motion for continuance, and defendant had announced ready for trial, and part of the jury had been selected, it was error to permit him to withdraw his admission.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

"Questions as to trial or continuance of causes rest so much in the sound discretion of the trial court that it must be a very capricious exercise of power or a very flagrant case of injustice that the appellate court will interpose to correct." 2 Ark. 33; 8 Ark. 119; 13 Ark. 720; 19 Ark. 92; 22 Ark. 164; 24 Ark. 599; 26 Ark. 323; 34 Ark. 720; 41 Ark. 153; 54 Ark. 243; 57 Ark. 165; 61 Ark. 88; 62 Ark. 286; *Ib.* 543; 71 Ark. 62.

Since in October this case was set for trial on December 12th, the issuance of a subpœna for appellant only six days prior to the latter date to have served upon and procure the attendance of witnesses who lived almost half way across the State from the place of trial was not such diligence on the part of appellant to justify a continuance. 58 Mo. 585; 30 S. W. 225; 31 S. W. 401; 59 Miss. 341. And the court could properly exercise its discretion more rigidly than on a first application for continuance. 57 Ark. 165, and cases cited. Unless a motion for continuance affirmatively alleges that the witness is not absent by the consent, connivance or procurement of the party asking the postponement, it is fatally defective. Kirby's Dig. § 6173.

2. There was no error in refusing to grant a rule on the sheriff. No sufficient time had elapsed to justify such a procedure.

McCULLOCH, J. Appellant, Steve Vanata, was convicted of murder in the second degree and appeals to this court. The only error assigned is that the court improperly overruled his motion for continuance of the case. He was indicted at the April term, 1906, and on appellant's motion the case was continued until the next term and set for trial on October 1, 1906; and on that day it was again postponed until December 12, when the trial was had. His counsel presented a motion for continuance on account of the absence of two witnesses who were alleged to be in Ft. Smith, Arkansas. It is also alleged in the motion that the witnesses had been present on a former day, and that a subpœna had been issued for them to the sheriff of Sebastian County, but that the same had not been returned.

Questions arising upon motions for continuance of cases are matters resting largely in the sound discretion of the trial court, and rarely afford grounds for reversal unless it is made to appear that such discretion has been abused. *Harper* v. *State,* 79 Ark. 594, and cases cited.

The evidence of the absent witnesses, as set forth in the motion, was cumulative, and for this additional reason the refusal to continue the case was within the discretion of the court. Nor do we think that appellant's showing of diligence is sufficient to warrant us in holding that the trial court abused its discretionary powers in overruling the motion.

Upon the whole, we think that the appellant had a fair trial, and that the evidence was sufficient to sustain the verdict. The fact that he killed the person named in the indictment is undisputed, and insanity is pleaded as the only defense. There was substantial evidence, of the same character as that set forth in the motion for continuance, tending to establish the plea of insanity. But the evidence was conflicting, and the jury found against the plea. Under the evidence disclosed in the record we do not feel at liberty to disturb the verdict. So the judgment is affirmed.