THIELMAN *v.* REINSCH.

Opinion delivered April 22, 1912.

1. APPEAL AND ERROR—HARMLESS ERROR.—An erroneous modification of an instruction was not ground for reversal where, if the jury be credited with common sense, there can be no doubt that it was harmless. (Page 310.)

2. SAME—WHEN ERROR ABANDONED.—Error in refusing to give certain instructions will not be considered where appellant has failed to abstract them in his brief. (Page 311.)

3. SAME—WHEN ERROR WAIVED.—Failure of appellant to assign the court's refusal of certain instructions as error in a motion for new trial constitutes an abandonment or waiver of such error. (Page 311.)

4.  SALES OF CHATTELS—IMPLIED WARRANTY.—The rule of implied warranty
    in the sale of articles manufactured by the seller is inapplicable where
    the article sold was a new and untried invention of which the buyer's agent
    knew as much as the seller.   (Page 311.)

5.  SAME—IMPLIED WARRANTY—INSTRUCTION.—It was not error to refuse to
    submit to the jury an issue as to an implied warranty in the sale of a
    chattel where no such issue was raised by the pleadings or evidence.
    (Page 312.)

6.  APPEAL AND ERROR—HARMLESS ERROR.—It was not prejudicial error
    to sustain a demurrer to a paragraph of the complaint in which plaintiff
    pleaded special damages if the jury found that he sustained no damages.
    (Page 312.)

Appeal from Arkansas Circuit Court; *Eugene Lankford,*
Judge; affirmed.

### STATEMENT BY THE COURT.

Henry Thielman brought this suit against E. G. Reinsch
and J. H. Owens, composing the firm of Reinsch & Owens,
to recover damages for an alleged breach of warranty in the
sale of two pumps.

The defendant filed an answer in which they denied
that they had warranted the pumps sold the plaintiff, and by
way of cross complaint asked judgment for the sum of $500.
alleged to be due them on the purchase price of the pumps.

The facts as developed by the evidence adduced by the
plaintiff is substantially as follows:

E. G. Reinsch and J. H. Owens were manufacturers of
pumps under the firm name of Reinsch & Owens at Stuttgart,
Arkansas.   Henry Thielman owned a rice farm near there,
and his brother, Louis, was in charge of it.   In 1909 the
plaintiff, through his brother, Louis, purchased from  the
defendant two pumps to be used in flooding his rice field,
and agreed to pay the sum of $500 each for them.   The
defendants represented that the pumps would throw 600
gallons of water per minute for the pumping season, and
made plaintiff a warranty to that effect; that is to say, the
defendants warranted the pumps to throw 600 gallons per
minute for the season of 1909.   Louis Theilman saw a test
made of a pump of similar make before he made the pur-
chase for his brother, and it seemed to work well; but he
says he relied on the warranty in making the purchase.   After
the pumps were installed on the farm of plaintiff and operated

a few days, it was learned that the bearings to the pump would soon become hot, and in a short time render the pump useless for the work for which it was intended. The plaintiff tried to remedy this defect, but was unable to do so, and finally had to abandon their use and purchase new pumps of another make. The pumps did not throw 600 gallons per minute.

The evidence adduced by the defendants tended to establish a state of facts substantially as follows:

J. A. Owens invented what is known as the Owens pump, and letters patent on the pump were issued to him on March 27, 1909. He made arrangements with E. G. Reinsch, his codefendant, to manufacture the pumps, and they became jointly interested in the sale thereof. One of these pumps was put down on the farm of J. L. Rosencranz near Stuttgart. A test of this pump was made, and Louis Thielman was present when the test was made, and subsequently purchased two pumps of the same make for the plaintiff. In making the sale, no sort of warranty was made as to whether the pump would work or what quantity of water they would throw. No warranty was asked, and none was given. The invention was new, and Louis Thielman saw the test made of the pump, and knew as much about its capacity and fitness for the work for which it was intended as did the defendants. The plaintiff owed defendants $460, the balance of the purchase price due on the pumps.

Other facts will be stated in the opinion. There was a jury trial, and a verdict for the defendants in the sum of $460. From the judgment rendered, the plaintiff has duly prosecuted an appeal to this court.

*Thomas & Lee*, for appellant.

*John L. Ingram*, for appellees.

HART, J., (after stating the facts.) The court gave to the jury the following instruction:

"1. First, you are instructed that if you find that the defendants, or either of them, sold to the plaintiff, Henry Thielman, two of the Owens pumps, and that they, or either of them, warranted that said pumps would furnish 600 gallons of water per minute for the pumping season of 1909 for the purpose of irrigating plaintiff's rice crop, and you believe

that said pumps were imperfectly constructed and would not furnish the water which . they were warranted to furnish, *which failure was not on account of any fault of plaintiff*, and that the plaintiff notified the defendants, or either of them, of the failure of the pumps to furnish the water which they warranted to furnish, and demanded of them to take the pumps back, or repair them, so that they would furnish the water they were warranted to furnish, and that the defendants refused to take the pumps back; and you further believe that the plaintiff demanded of them, or either of them, the purchase price of the pumps, and that they or either of them refused to pay the purchase money which the plaintiff had paid for the pumps, then the defendants would be liable to the plaintiff for whatever purchase money he paid to the defendants on the pumps, or either of them, or both of them, and 6 per cent. interest thereon, and all expenses the plaintiff was out in trying to operate said pumps."

It is insisted by the appellant that the insertion in the instruction of the words, "which failure was not on account of any fault of the plaintiff," which appear in italics, renders the instruction erroneous.

The evidence shows that the plaintiff installed the pump on his farm, and that his servants operated it. It may be conceded that the undisputed evidence shows that the pump was properly installed, and that the ball bearings became hot through no fault of the plaintiff or his servants in operating the pump, and still we do not think the added words, "which failure was not on account of any fault of the plaintiff," could have worked any prejudice to the rights of appellant. While it is the duty of the court in giving instructions to the jury to eliminate matters in dispute, yet it is manifest to us that the added words could not have had the effect of prejudicing the plaintiff. The pleadings, the proof and the instructions asked by both parties show that this was a suit for an alleged breach of warranty, and that issue was fully and fairly presented to the jury in the instruction of which complaint is made. There was a direct and irreconcilable conflict in the testimony on this point. The whole trend and scope of the instruction was directed to this issue;

and if we credit the jury with common sense, there can be no doubt that its verdict was based on it.

2. Counsel for plaintiff assign as error the action of the court in refusing to allow one of their witnesses to answer a question asked him in regard to what the defendants said about warranting the pumps, but the court almost immediately afterwards permitted witness to answer a question in almost the identical form as the one refused.

3. Counsel for plaintiff assign as error the action of the court in refusing to give instruction No. 2 asked by them; but in regard to this it is sufficient to say that counsel have failed to abstract the instruction, and, under our rules of practice, we can not consider this alleged assignment of error.

4. Counsel also urge that the court erred in refusing instructions numbered 3 and 4 asked by them; but they failed in their motion for a new trial to assign as error the action of the court in this respect, and, under a familiar rule of practice, they will be deemed to have abandoned or waived any assignment of error in this respect, and we can not now consider it.

5. The court gave the following instruction: "If you find that defendants did not warrant said pump, you will bring in a verdict for whatever amount you may find to be due defendants on the purchase price of said pumps."

Counsel for plaintiff say that the court erred in giving this instruction because the defendants were the manufacturers of the pumps, and that there was an implied warranty that they would be suitable for the purpose for which the plaintiff purchased them. The evidence for the defendants shows that the pumps in question were inspected and tested by the agent of the plaintiff before they were purchased. They were a new and untried invention, and only a few of them had been manufactured. They had not yet been used when the purchase was made, and defendants say that plaintiff's agent knew as much about them as they did, and the brother of the plaintiff, who was his agent in purchasing the pumps, was a machinist of twenty years' experience, and made the purchase wholly upon the faith of his knowledge acquired at the test which was had for that very purpose.

Under such circumstances, it can not be said that there

was an implied warranty. *Curtis & Co. Mfg. Co.* v. *Williams,* 48 Ark. 330; *J. I. Case Threshing Machine Co.* v. *Bailey,* 89 Ark. 108.

Moreover, no issue of implied warranty was made under the pleadings. The complaint, answer, the evidence, and the instructions asked and given, all show that the suit was based on an express warranty, and that issue alone was submitted to the jury.

6. Finally, the plaintiff complains that the court sustained a demurrer to that paragraph of his complaint in which he pleaded special damages. For the reason that the verdict of the jury was against him on the issue of whether he sustained any damages, the action of the court ·in this regard was not prejudicial to him, even if erroneous, and it is well settled that this court will only reverse a judgment for errors that are prejudicial to the rights of the party appealing.

It follows that the judgment must be affirmed.