CALLOWAY *v.* STATE.

Opinion delivered October 4, 1915.

CRIMINAL PROCEDURE—GRAND JURY—QUALIFICATION OF JUROR.—On a motion to quash the indictment, its validity can not be called in question on the ground that a member of the grand jury was not qualified to act.   Kirby's Digest, § 2245.

Appeal from Miller Circuit Court; *George R. Haynie,* Judge; affirmed.

No brief filed for appellant.

*Wallace Davis,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1.   As to the merits of the case, the judgment must be affirmed because appellant has failed to preserve his rights by having his bill of exceptions authenticated and filed within the time allowed by the court.   117 Ark. 154.

2.   A bill of exceptions does bring into the record the question as to whether or not the foreman of the grand jury, who returned the indictment, was qualified to act.

The court's finding that he was qualified is clearly sustained by the evidence. But the indictment was good, and the motion to quash was properly overruled any way. Kirby's Digest, § 2245.

McCULLOCH, C. J. Appellant was convicted of murder in the second degree. There is no bill of exceptions in the record containing the proceedings during the trial— at least, the bill of exceptions is not authenticated in any manner, and can not be considered in the case.

There is, however, one question for consideration, which is brought up by a duly authenticated bill of exceptions. That relates to a motion to quash the indictment on the ground that a member of the grand jury was not a qualified elector of the county. The statute provides, however, that "no indictment shall be void or voidable because any of the grand jury fail to possess any of the qualifications required by law." Kirby's Digest, section 2245. The statute is designed to cut off all inquiry concerning the validity of the indictment on the ground that the members of the grand jury were not qualified to act in that capacity. No objection appears, so far as is revealed by this record, to the grand jurors as they were being impaneled, but appellant raised the question of the qualifications of one of the jurors on a motion to quash the indictment. It is unnecessary for us to determine in this case what the effect would have been if objection had been made at the time of empaneling the grand jury. We simply follow the direction of the statute by holding that on a motion to quash the indictment, its validity can not be called in question on the ground that a member of the grand jury was not qualified to act.

Judgment affirmed.