## POOL *v*. STATE.

### Opinion delivered November 15, 1915.

1. CONTINUANCES—ABSENCE OF WITNESSES—DILIGENCE.—It is not error to refuse a continuance on account of the absence of certain witnesses when the party asking the continuance does not show due diligence in endeavoring to procure their attendance, and when their testimony is merely cumulative of that of other witnesses present at the trial.

2. COURTS—SPECIAL TERMS—ORDER.—The order of the circuit judge calling a special term must comply strictly with the law creating such term, in order to give the court jurisdiction.

3. COURTS—SPECIAL TERMS—WHEN PROPERLY CALLED.—Two orders of a circuit judge calling a special term of circuit court to try certain defendants, to convene on a certain day, may be treated together to determine if the special term has been properly called.

4.   COURTS—SPECIAL TERMS—ORDER.—It is not necessary that the order
     calling a special term of circuit court, should specifically set forth
     that the special term would not interfere with any regular term of
     court to be held by the circuit judge, nor that it was not to be con-
     vened within twenty days of the regular term of the circuit court
     for the county in which the special term was to be held.

Appeal from Columbia Circuit Court; *Chas. W. Smith,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellant was indicted for the crime of murder in the first degree in the killing of Doss Avery. He was convicted of murder in the second degree, sentenced to 21 years in the State penitentiary, and duly prosecutes this appeal.

The testimony for the State was substantially as follows: Pool and Avery were sons-in-law of George Kelley. On the night before the killing Pool went to the house of Kelley and raised a disturbance, claiming that someone had moved his wife and things off. Kelley sent for the constable, who came early the next morning, and while Kelley and Doss Avery were engaged in a conversation with the constable the appellant came up, and after a few words had passed shot and killed Avery. Kelley states that after Avery was shot he went around a tree and Pool followed him, holding his gun on him until Avery fell; that Pool turned his gun on Kelley and said: "He was going to kill every God damned negro on Kelley hill." Kelley then ran "through the house and off out the back way."

The constable testified that he went to Kelley's house and that Kelley and Doss Avery came out and while they were talking Hodge Pool came up with a shotgun on his shoulder, and Kelley said to him: "Hodge, don't come about my house." "Hodge said that he wanted his wife and things moved back home that had been taken away and he wanted to know who moved them away. Kelley said that he didn't know who moved them away, and said, 'Don't you come in my yard, for if you do you will have to be hauled out.' Pool then said, 'Those God

damned negroes have been running over me and I have enough of it.' He then said to Doss Avery, 'You drew a gun on me last night, did you?' Avery had moved around behind my mule. Hodge then threw up his gun and shot Avery.''

Kelley's wife testified that she ''heard a gun fire and looked out and saw Doss grab hold of a little tree and Hodge looked like he was following him around with a gun on him. In a little bit Doss fell. Hodge then came in and asked where George Kelley was.'' He next asked for his wife and witness begged him not to kill them and he said he just wanted to talk with his wife. He then went back out to where Doss Avery was lying and kicked him and cursed him and then shot him in the shoulder.

Three witnesses on behalf of appellant testified to the effect that Avery told them that he intended to kill Pool. One witness stated that Avery told him during Christmas week before the killing in January that he (Avery) had shot at Hodge Pool three times the night before as he was going home. One witness stated that early in the fall Avery told him that he and Hodge had some trouble and if it continued he was going to kill Hodge. One witness testified that he communicated to Pool the threats that he had heard Avery make. The appellant himself testified that Avery had threatened his life several times and had shot at him three times one night as he was going home, and that on Christmas eve night before the killing, when he started from the house of his father-in-law to his own home that Doss Avery shot at him twice, some of the shots passing through his hat, and that he had to lie on the ground to keep Avery from killing him; that on the night before the killing he went home and found that his things had been moved; he then went to George Kelley's, his father-in-law's, to see who had moved his things. Witness then relates that he borrowed a shotgun from a man by the name of Evans for his protection, and states that the night before the killing Avery had gone to his house and thrown rocks. The next morning he went to return the shotgun that he had borrowed the

night before and went by Kelley's. When he got there he found the constable, Kelley and Doss Avery out in front of the house. After a few words he said to Doss, "You were going to kill me last night, were you?" and Doss said, "Yes, I am going to kill you," and began to walk off like he was reaching for a pistol in his pocket, and when he did this he shot him.

The appellant moved for a continuance on account of the absence of witnesses Elecia Pool, Eff Manning, and Doon Gantt. He expected to prove by Elecia Pool that Doss Avery, on one occasion, went to appellant's gate, armed with a shotgun, cursed appellant, dared him out of his house, and told him that if he ever did catch him out he intended to kill him. That he would prove by Eff Manning that Doss Avery borrowed a Winchester rifle from him about a month before the killing to kill appellant, and stated at the time that he intended to kill appellant the first opportunity. That he would prove by Doon Gantt that he was present when Doss Avery shot at appellant three times.

He stated that he did not expect to be tried until the regular term of court, whereas he was tried at a special term held on the 19th of May, and had only a few days before been able to employ counsel to represent him, who, since their employment, had been detained in Little Rock on important State business and were unable to prepare his case for him.

*Killgore & Joiner,* for appellant.

The court erred in refusing appellant's motion for continuance. Where this discretion has been abused this court will correct it. 60 Ark. 564; 100 Ark. 301. The general policy of the law is for a defendant to be tried at a regular term of court. 118 Ark. 310. Appellant was forced to trial at a special term, without all his witnesses being present, and without ample time to his attorneys to prepare for his defense.

The order calling a special term of court is jurisdictional and must comply in every particular with the law. 79 Ark. 293; 118 Ark. 310. The order for a special term

in this case was defective in (1) that appellant was not named in the last order made by the judge, and a second order having been made, the first must be treated as abandoned; (2) that the order does not state that the special term did not interfere with any other court held by the same judge; (3) that it did not state that the special term was not held within twenty days of the regular term; and (4) that the order of the judge calling the special term did not direct the clerk to make the order calling same, of record. Kirby's Digest, § § 1536-7; 9 Ark. 326; 2 Ark. 230; 100 Ark. 373.

*Wallace Davis,* Attorney General, and *Jno. P. Stree-pey,* Assistant, for appellee.

The motion for continuance was not sworn to by any one; did not show that appellant had used due diligence; and the testimony of the witnesses desired was only cumulative. Where evidence is merely cumulative, there is no abuse of discretion in overruling a motion for continuance. 94 Ark. 169; 100 Ark. 149; 103 Ark. 119; *Owens* v. *State,* 120 Ark. 562.

It was not necessary to state in the order calling the special term that it did not come within 20 days of the regular term, because this court will take judicial knowledge of the time for holding regular terms. 45 Ark. 452.

It is not material that the order for a special term did not direct the clerk to enter said order, as the record shows that this was properly entered by the clerk.

The second order of the court calling a special term did not name any of the parties mentioned in the first order, and it is apparent that the court intended only to include additional persons to be tried at the special term.

The bill of exceptions was not filed within the time allowed, and the questions concerning admission of certain testimony, and instructions refused by the court, cannot be considered. *Calloway* v. *State,* 120 Ark. 204.

WOOD, J. (after stating the facts). Appellant contends that the court erred in overruling his motion for a continuance.

(1)   Appellant was indicted in February, arrested in April, and was tried at a special term which convened on the 19th of May.   The regular term convened on the fourth Monday in August.   The court did not err in overruling appellant's motion for a continuance.   The motion itself is not set out in the abstract, and appellant does not set up in his abstract and brief any facts tending to show that the court abused its discretion in overruling his motion.   Appellant does not state sufficient facts to show that he used due diligenge to secure the presence of the witnesses mentioned in his motion at the trial.   Moreover the facts which he expected to establish by the testimony of these witnesses was but in the nature of cumulative evidence showing threats and efforts of Avery to kill appellant.   No prejudice resulted in not having these witnesses to testify. *Owens* v. *State,* 120 Ark. 562; *Peters* v. *State,* 103 Ark. 119; *Godard* v. *State,* 100 Ark. 149.

Appellant contends that the court was without jurisdiction.   It appears that an order was first made calling a special term of the Columbia circuit court to be held on the 19th day of May, 1915.   The order named several parties who were in jail, and among them the appellant, who were to be tried at the special term.   The order did not state that the special term did not interfere with any other court to be held by the same judge; nor did it state that the special term was not to be held within twenty days of any regular term of the Columbia circuit court; nor did it direct the clerk to enter the order on the record.

A few days after the first order was made the judge issued another order calling a special term to be held on the 19th of May, 1915.   This order was identical with the first except that it did not name the defendant (appellant) as one of the parties confined in jail to be tried at the special term.

(2)   The order of the circuit judge calling a special term must comply strictly with the law creating such term in order to give the court jurisdiction. *Sam Bell* v. *State,*

120 Ark. 530; *Reece* v. *State,* 118 Ark. 310, 176 S. W. 165; *Beard* v. *State,* 79 Ark. 293.

(3-4)   The order under review is a sufficient compliance with the statute.  The first and second orders should be treated as but one order, for the last was evidently intended to supplement or amend the first order, and to specify things that had been omitted in the first order.   The two orders considered as one contain all the requirements set forth in the above cases.   It was not necessary that the order should specifically set forth that the special term would not interfere with any regular term of court to be held by the circuit judge, nor that it was not to be convened within twenty days of the regular term of the circuit court for the county in which the special term was to be held.   As was said in *Crain* v. *State,* 45 Ark. 450-452, "The day upon which the special term was held is disclosed by the record, and we take judicial notice of the fact that it does not interfere with a regular term, and that it was not within twenty days of the time for holding the regular term in the county."

The assignments of error as to the ruling of the court in refusing a certain instruction asked by appellant, and in its ruling upon the admissibility of certain testimony cannot be considered here for the reason that appellant did not file his bill of exceptions within the time granted by the trial court. *Calloway* v. *State,* 120 Ark. 204; *Riley* v. *State,* 120 Ark. 450.

The judgment is correct, and is therefore affirmed.