141 So. 243

**SNOW v. CLEVELAND LUMBER CO.**

**6 Div. 108.**

Supreme Court of Alabama.

April 14, 1932.

Davis & Curtis, of Jasper, for appellee.

L. D. Gray, of Jasper, for appellant.

BROWN, J.

The defendant sold and conveyed to plaintiff "all the timber growing, standing, lying or being 8 inches or more in diameter measured outside bark at the stump at the time same may be cut and removed" on five 40-acre tracts in Winston county, Ala., with covenant of warranty that defendant was seized and had the right to sell and convey the same.

Contemporaneously with the execution and delivery of the deed, the parties signed the following writing, in duplicate, each retaining a copy:

"This letter will confirm our agreement with reference to a Timber Deed which you have executed to us this day for 200 acres in Section 14, Township 12, Range 7, in Winston County. To the effect that our estimate of the timber on this land amounts to 400 M'.

"We are making you a payment of $800.00 on a basis of this estimate at $2.00 per thousand.

"We are to contract the cutting of this timber and keep a careful record of the amount of lumber that comes off of this land. If the

number of feet at $2.00 per thousand amounts to more than $800.00, we are to pay you the difference. If it amounts to less than $800.00 you are to repay the difference to us."

The defendant did not have title to one of said 40-acre tracts, and the plaintiff alleged in the twelfth count of the complaint that it cut all of the merchantable timber on the remaining four 40's, measuring only 127,030 feet, leaving a shortage in the estimate of the timber purchased of 272,970 feet, for which it claims $552.77, being $2 per thousand.

■ The appellant insists that said count was demurrable for failing to allege that plaintiff ever paid for the timber. This may be conceded, yet the demurrer does not point out this defect, and it was not subject to the grounds stated, and the court cannot be put in error for overruling the demurrer. Code 1923, § 9479; Louisville & N. R. R. Co. v. Cowley et al., 164 Ala. 331, 50 So. 1015; Sibley v. Hutchison, 218 Ala. 441, 118 So. 638.

■ The next contention is that the parties stipulated as to the method of ascertaining whether or not there was a deficit in the timber sold, by the agreement that plaintiff was to cut and manufacture the timber into lumber, and the measurement of the lumber so manufactured was to govern; that the evidence is without dispute that all the available timber on the land to which defendant had title, and which he had the right to sell and convey, has not been cut and manufactured into lumber, and therefore he was entitled to the affirmative charge.

This contention overlooks the fact that one of the counts claims damages as for the breach of the defendant's covenant of seisin and the right to sell and convey, which was broken as soon as made. Copeland et al. v. McAdory et al., 100 Ala. 553, 13 So. 545. And the plaintiff was entitled to recover, at least, nominal damages. Tuskegee Land & Security Co. v. Birmingham Realty Co., 161 Ala. 542, 49 So. 378, 23 L. R. A. (N. S.) 992.

Charges 2, 3, and 4 were well refused for the same reason.

■ Charges 5 and 6, refused to defendant, were well refused, if for no other reason, they covered all timber regardless of size, and whether merchantable or not.

■ The testimony of the witness John Hardin shows that he had acquired, from his experience in the sawmill and timber business, a knowledge in estimating and cruising timber, not possessed by one not so experienced, and had been over the lands in question on numerous occasions, and was competent to express his judgment or opinion that plaintiff had cut all of the merchantable timber on the four 40's, to which a good title

was conveyed. Sovereign Camp, W. O. W. v. Screws, 218 Ala. 599, 119 So. 644; Thaggard v. Vafes, 218 Ala. 609, 119 So. 647.

The defendant admitted in his testimony that he had no title to one of said 40-acre tracts; that it was included in the conveyance by mistake on his part; therefore, conceding that the testimony goes to show that some of the witnesses were told not to cut timber off said property, which was claimed by some third party, it was clearly error without injury.

■ No objection was made to the argument of counsel for plaintiff during the course of the argument, and it does not appear that the motion to exclude the statement embodied in the motion was made before the jury retired. The motion came too late, and the assignment of error predicated on the overruling of the motion is without merit.

This disposes of all questions argued, and, finding no reversible error, the judgment is due to be affirmed. It is so ordered by the court.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.