CALDWELL v. STATE.

4532                                   215 S. W. 2d 518

Opinion delivered December 13, 1948.

*Wilson & Kimpel,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

ED. F. McFADDIN, Justice. The appellant, Caldwell, was convicted of murder in the second degree for the homicide of Clarence Shoels, and prosecutes this appeal. Appellant and Shoels were members of the Negro race, and passed the afternoon and evening of December 25, 1947, in a Negro gambling house in Dermott, known as "Tim's Place." The existence of this and other similar gambling places is glaringly reflected; three of the five witnesses called by the State, and seven of the eight witnesses called by the defendant, admitted that they were participants in the gambling at "Tim's Place." Various kinds of gambling devices were in operation; in one room card games were in progress, and in another room there was a dice table.

Shoels was acting as "house man" at the dice table. Caldwell, claiming that Shoels had shortchanged him

$1.00 in payment of a winning bet, left the dice room. In a few minutes Shoels followed Caldwell, and the argument between them was carried on in the other room. Some time later Caldwell returned to the dice room, followed by Shoels. Both had been drinking, but intoxication is not claimed as a defense. Caldwell went to one side of the dice table, and Shoels was on the opposite side. They continued to curse each other across the table, and finally Caldwell pulled a pistol from his pocket, and shot Shoels, who—some witnesses claimed—had opened a pocket knife and had gestured as though to start across the dice table towards Caldwell. The defendant admitted the killing and claimed self-defense; but, as previously stated, the jury found him guilty of murder in the second degree.

The motion for new trial contains 14 assignments. In an appeal to this court in a felony case less than capital, this court examines only (1) the assignments contained in the motion for new trial, and (2) the claimed errors that appear on the face of the record. All other supposed errors are considered as waived. In *Franklin v. State*, 153 Ark. 536, 240 S. W. 708, Mr. Justice HUMPHREYS stated our holdings in this clear language: "Under the repeated rulings of this court, assignments of error not appearing on the face of the record will not be considered unless the alleged errors are preserved in the motion for a new trial. *Thielman* v. *Reinsch*, 103 Ark. 307, 146 S. W. 525; *Thomas* v. *Jackson*, 105 Ark. 353, 151 S. W. 521; *Railway Ice Co.* v. *Howell*, 117 Ark. 198, 174 S. W. 241; *Sublett* v. *Sublett*, 133 Ark. 196, 202 S. W. 233." To the same effect, see other cases collected in West's Arkansas Digest, "Criminal Law," § 1064. In keeping with the above rule, we eliminate from consideration many matters argued in the appellant's brief, and consider only the 14 assignments in the motion for new trial, as no claimed errors appear on the face of the record. We group and discuss these assignments in convenient topic headings.

I. *Refusal to Recall the Jury.* This is assignment No. 13, and is based entirely on the following matter in the Bill of Exceptions:

"Whereupon, after the jury had retired to consider its verdict, the following proceedings took place:

"By Mr. Kimpel: I want to show our objection to that part of the prosecuting attorney's closing argument in which he called on the jury to stop fifteen or sixteen Negro killings a year by sending this defendant to prison for a long time, and if they did so they would not have to spend hot days next summer also listening to another Bowie Caldwell case.

"By the Court: If such argument was made, and you had called my attention to it before the jury went out, I would have admonished them on it. The same will be overruled, since the jury has retired to consider its verdict.

"By Mr. Kimpel: Note the objections and exceptions of the defendant. The jury is still out, and it is not yet too late to admonish them."

The trial court was correct in refusing the request: if the claimed argument was in fact made, it does not appear in the Bill of Exceptions, except as above stated. Furthermore, an objection to an improper argument comes too late if made for the first time after the jury has retired. *Snow* v. *Cleveland Lbr. Co.,* 224 Ala. 564, 141 So. 243; *Mathews* v. *Dudley,* 212 Cal. 58, 297 Pac. 544; *Bond* v. *Bean,* 72 N. H. 444, 57 Atl. 340, 101 A. S. R. 686; see, also, 64 C. J. 286, and cases collected in West's Decennial Digest, "Trial," § 131(2).

II. *Refusal of Continuance.* Assignments Nos. 12 and 14 present this issue. The defendant sought a continuance because of absence of two witnesses. One such witness was to testify as to the defendant's reputation for peace and quietude, but other witnesses were called by the defendant, who testified as to this; so the testimony of the absent witness would have been cumulative. The other absent witness (Floyd Richardson) was to testify that the deceased had an open knife in his hand, at the time he was shot, and that this absent witness took the knife out of the hands of the deceased after he was shot. Such testimony of the absent witness would have

been cumulative to that of the witness, Sam Gordon, who testified that he saw the open knife in Shoel's hands before the shot was fired, and "me and Floyd Richardson taken the knife and laid him (deceased) on the table, and got the knife out of his hand and laid it on the table." In short, the testimony of each of the absent witnesses was merely cumulative to other evidence; so the trial court did not abuse its discretion in refusing the continuance. *Vanata* v. *State,* 82 Ark. 203, 101 S. W. 169; *Pool* v. *State,* 121 Ark. 17, 180 S. W. 339; and see other cases collected in West's Arkansas Digest, "Continuance," § 24.

III. *Refusal of Requested Instructions.* Assignments Nos. 1 to 11,[1] inclusive, in the motion for new trial present this issue. The trial court gave 21 instructions on its own motion, and 7 on motion of the defendant. To set out all the instructions given and refused would unduly prolong this opinion, as the instructions occupy 15 pages in the transcript. In the printed briefs there are contained only the 21 instructions given by the court on its own motion, but an examination of the transcript reveals the 7 instructions given by the court on motion of the defendant, which were numbered, and on matters, as follows: No. 4, self-defense; No. 5, reputation of deceased; No. 7, self-defense; No. 11, reasonable doubt; No. 14, the reputation of defendant; No. 15, self-defense; No. 16, reputations of the deceased and defendant.

The trial court refused the defendant's requested instructions numbered 2, 3, 6, 8, 9, 10, 12, 13, 17 and 18. When we check the instructions refused against the 28 given—as we have done—we find no error committed by the trial court in refusing any of these requested instructions. Defendant's instruction No. 3—on the right of the accused to testify—was correctly refused: since the court's instruction No. 8 covered the credibility of witnesses generally. In this case the defendant did testify; and in such a situation we have repeatedly held that the court should not single out the defendant as a witness

---

[1] In the briefs, defendant claimed that the court refused to give his instruction No. 14, but the abstract reflects that this instruction was given.

and give a special instruction on his testimony. Rather, the court should "allow him to take his place along with all other witnesses under the general charge relative to the credibility and weight to be attached to their testimony." See *Smith* v. *State,* 172 Ark. 156, 287 S. W. 1026, and cases there cited. It is only when the defendant does not testify that the court is required to give a requested instruction about his failure to take the witness stand. See *Cox* v. *State,* 173 Ark. 1115, 295 S. W. 29, and *Thompson* v. *State,* 205 Ark. 1040, 172 S. W. 2d 234.

Defendant's requested instruction No. 18 was a cautionary instruction, the giving of which rested in the sound discretion of the circuit court; and the refusal of that instruction was not an abuse of discretion in this case. It is not error for the trial court to refuse to give a cautionary instruction when no abuse of discretion is shown in such refusal. In *Rayburn* v. *State,* 69 Ark. 177, 63 S. W. 356, in speaking of cautionary instructions, we said: "Such instructions are within the sound discretion of the trial judge." See, also, 17 C. J. 345, 24 C. J. S. 1044, and Reid's Bronson on Instructions to Jury, 3d Ed., § 42. In the footnote [2] we are pointing out wherein each of the instructions refused was covered by an instruction given.

We conclude that the action of the trial court was supported in each instance by at least one of these two well-known rules:

(a) It is not error for the trial court to refuse an instruction which is incorrectly worded. *Stanton* v. *State,* 13 Ark. 317; *Jackson* v. *State,* 92 Ark. 71, 122 S. W. 101;

---

[2] Defendant's instruction No. 2 was covered by the court's instructions Nos. 16, 17 and 18. Defendant's requested instruction No. 6, insofar as it embodied the idea of presumption of innocence, was covered in the court's instructions Nos. 16, 17 and 18. Defendant's requested instructions Nos. 8 and 9, insofar as they embodied correct statements of law, were covered by the court's instruction No. 20, and the defendant's instructions Nos. 7 and 15, which were given. Defendant's requested instruction No. 10 was covered by defendant's requested instructions Nos. 4 and 15, which were given. Defendant's requested instructions Nos. 12 and 13 were covered by defendant's requested instruction No. 11; and the latter part of instruction No. 11 was more favorable to the defendant than he was entitled to under the law. Defendant's requested instruction No. 17 was covered by defendant's instructions Nos. 5 and 16, which were given.

and see other cases to the same effect collected in West's Arkansas Digest, "Criminal Law," § 830.

(b) It is not error for the trial court to refuse to give an instruction which—although correct—is covered by another instruction which is given. *Furlow* v. *State,* 72 Ark. 384, 81 S. W. 232; *Johnson* v. *State,* 127 Ark. 516, 192 S. W. 895; and see other cases to the same effect collected in West's Arkansas Digest, "Criminal Law," § 829, and also § 806.

Finding no error, the judgment is in all things affirmed.