Chloe COURSON, Administratrix *v.*
Leo CHANDLER

75-161                                      529 S.W. 2d 864

Opinion delivered December 1, 1975

John F. Gibson, Jr., for appellant.

Switzer, Switzer & Draper, for appellee.

GEORGE ROSE SMITH, Justice. This is an action by Leo Chandler, the appellee, for personal injuries sustained in a collision between his car and one driven by the appellant's decedent, Tressie Lytal, who later died from causes unrelated to the accident. The jury awarded Chandler $10,000. Four points for reversal are urged by the appellant.

Only a brief statement of fact is needed. On the afternoon of May 11, 1971, Chandler was traveling south on Highway 82 in Ashley county. Mrs. Lytal, traveling north, emerged from behind another vehicle ahead of her and, with no signal, tried to turn left across the highway into the premises of the Catfish Inn. Chandler applied his brakes and laid down 90 feet of skid marks, but he struck the Lytal car in his own lane of traffic. Mrs. Lytal told the investigating officer that she did not see the other car before the collision.

I. Before the trial the court granted Chandler's motion to instruct the attorneys, the parties, and the witnesses to make no reference to the fact that Mrs. Lytal had no liability insurance at the time of the collision. The ruling was correct, because Mrs. Lytal's lack of insurance protection had no bearing upon the questions at issue. "Where nothing has been done or said from which the jury might infer that the defendant is protected by liability insurance it is improper for defendant to show that he does not have insurance protection." Annotation, 4 A.L.R. 2d 773 (1949).

II. At Chandler's request the court gave AMI 901, which explains the duty of a driver to keep a lookout, to keep his vehicle under control, and to drive at a speed no greater than is reasonable in the circumstances. AMI Civil 2d, 901 (1974). The appellant contends that the instruction was abstract, because there was no proof that Mrs. Lytal was driving at an excessive speed or failed to keep her car under control.

Even if the instruction was abstract, the error was harmless. Where an abstract instruction may mislead or confuse the jury, as by permitting a finding of liability upon an issue unsupported by proof, prejudicial error is shown. *Johnston* v. *Pennington*, 105 Ark. 278, 150 S.W. 863 (1912). But the giving of an abstract instruction is not reversible error when it could not have resulted in prejudice to the appellant. *National Union Ins. Co.* v. *School Dist. No. 60*, 131 Ark. 547, 199 S.W. 924 (1917).

That is the situation here. AMI 901 does not submit an issue; it merely explains the duties of both drivers. If the jury applied the instruction to either driver it would have been to Chandler, who was driving at 55 miles an hour in an area that was built up with commercial establishments and who left 90 feet of skid marks before striking the car crossing his path. Thus the instruction was not abstract as to Chandler, and we can say with confidence that it could not have confused or misled the jury with respect to Mrs. Lytal's driving. Hence no prejudicial error is shown.

III. After the jury had retired counsel for the defendant objected "to the plaintiff's closing arguments where he asserted that the heirs of the estate are not parties to the action, thereby unduly impressing upon the jury that they do not stand to lose." Had the objection been made more promptly the court would have had an opportunity to admonish the jury. As it was, the objection came too late. *Caldwell* v. *State*, 214 Ark. 287, 215 S.W. 2d 518 (1948).

IV. We cannot say that the $10,000 award is excessive. The trial was held three and a half years after the accident. The record suggests that Chandler was still suffering from visible nervousness, that his hands were trembling. Mrs. Chandler testified that her husband had not had a good night's sleep since the collision. At the time of the trial Chandler was still taking medicine twice a day for his nervousness. He sustained injuries to his head, his back, and his knee, the latter still being numb when the case was heard. The proof would support a finding of pecuniary losses total-

ing $887.60, plus a substantial but indeterminate amount for the purchase of medicine in the past and in the future. The jury had the. opportunity to observe Chandler's condition at first-hand. We do not find the award either shocking to the court's conscience or indicative of passion or prejudice on the part of the jury.

Affirmed.