## CRAIN v. THE STATE.

1. SCHOOL WARRANTS: *Issued by two directors: Forgery.*
School warrants may be issued by two school directors; and to utter a false warrant in the names of only two of the directors, is forgery.

2. COURTS: *Circuit: Order for special term.*
An order of the circuit judge, appointing a special term of the court, need not state that the term will not conflict with any other court to be held by the judge, nor that the time designated will not be within twenty days of the next regular term of the circuit court of the county in which it is to be held. The terms of the courts are fixed by law, and the court will take judicial notice of them. But the record must show that the order was made and entered of record ten days before the special term was to begin.

APPEAL from *Washington* Circuit Court.

Hon. J. M. PITTMAN, Circuit Judge.

*B. R. Davidson* for Appellant.

The court had no jurisdiction. Appellant was tried at a special term, and the record does not show—

1. That he was lawfully confined in jail, nor by what authority.

2. It does not show that this special term did not interfere with any other regular term of court to be held by the judge.

3. Nor that it was not held within twenty days of the adjournment of the regular term.

All this should appear of record. *2 Ark., 253.* The special term could only try him for the offense for which he was confined—forgery, but he was tried for uttering and publishing. *Ib.*

School orders should be signed by *three* directors. *Mansf. Dig., Secs. 6205, 6211, 6221, 6225.* A school district is a body corporate, (*Mansf. Dig., 6172,*) and can only act through its board of directors, in the manner prescribed by law. *1 Curtis, 462-3-4; Woods' Field Corp., p. 211; Pierce on Railways, p. 30.*

Sec. *782, Code,* did not operate prospectively, so as to permit a corporation to act by a majority of its directors without notice to the others.

*Dan W. Jones,* Attorney General, for Appellee.

*Mansf. Dig., Sec. 6366,* makes the action of two good where three are authorized to do an act.

Courts take judicial knowledge of the law fixing the time for holding courts, and by reference to the law it will be seen that the special term was more than twenty days from the regular term, and did not interfere with any other court in the district.

COCKRILL, C. J. The appellant was indicted and convicted of uttering a forged instrument, at a special term of the court called by the circuit judge under *Section 476, et sequitur, Mansf. Rev. St.*

The matters assigned as error go to the regularity of the order, made by the judge in vacation, calling the special term, rather than the merits of the case. The forged instrument purported to be a school warrant, signed by two directors. The statute entrusts the management of school affairs to three

1. SCHOOL WARRANTS:— Signed by two directors sufficient.

directors, and it is their duty to issue orders on the county treasurer in payment of wages due teachers. The order uttered by the appellant was of this class.

It was set out in the indictment, and as it bore the names of two directors only, it is argued that the instrument fails to show legal efficacy on its face, and that the indictment is therefore bad. But the statute provides that "authority conferred upon three or more persons may be exercised by a majority of them." *Mansf. Rev. St., 6366.* In *Holland v. Davies, 36 Ark., 446,* this provision was held to confer authority upon two school directors to perform an act required of the directors generally, and it is conclusive against the appellant's contention. The only other points we need notice are as to the sufficiency of the order calling the special term.

2. CIRCUIT COURT: Order for special term. As was said in *Dixon v. State, 29 Ark., 165,* "The authority to hold the term for the trial of the defendant, depended upon the following facts : That he was confined in jail awaiting trial before the court ; that it did not interfere with any other court to be held by the judge, and was not to be held within twenty days of the regular term ; that an order therefor had been made by the judge, at least ten days before the day appointed for holding it, and by him transmitted to the clerk and the same had been entered upon the record, all of which," as the court say in that case, " appears by the record, or is within the judicial knowledge of the court."

The order before us does not specifically set forth that the special term would not interfere with any regular term of court to be held by the circuit judge,' nor that it was not within twenty days of the regular term of the circuit court of the county in which it was to be held. This was not necessary. The times for holding terms of courts are fixed by act of the legislature, and we take judicial knowledge of them. That is the meaning of the court in the last clause of the decision quoted. The day upon which the special term was held is dis-

closed by the record, and we take judicial notice of the fact that it does not interfere with a regular term, and that it was not within twenty days of the time for holding the regular term in the county.

It is argued that the statute intends that the special term shall not begin within twenty days of the adjournment of the regular term, and that we have no knowledge of the time when the court adjourned. The object of the statute is to give the circuit court the "opportunity of clearing the jail without inconvenient and expensive delay, and if this should become necessary immediately after the adjournment of the regular term, the judge might appoint a special term to begin ten days thereafter. This is fair to the innocent persons who are confined in jail, and to the county which bears the expense of all the prisoners.

Upon first looking into the record we were not satisfied, from the showing there made, that the order of the circuit judge was made and entered of record ten days before the term was held. The appellant made no objection upon that score, but inasmuch as the statute, as construed by the court, makes it necessary that the fact should appear in order to show the jurisdiction of the circuit court, or to show that there was, in fact, a court, (see *Dunn v. State, 2 Ark., 230; Pulaski County v. Lincoln, 9 Ib., 326; Collier v. State, 20 Ib., 36; Dixon v. State, sup.*,) we declined to proceed to review the proceedings. The attorney general, however, suggested a diminution of the record, and in the usual manner has brought to our attention the further proceedings in the case, from which we are satisfied the order was made and entered of record within the time prescribed, and the judgment must be affirmed.