## HILL *v.* STATE.

### Opinion delivered October 23, 1911.

CIRCUIT COURT—VALIDITY OF SPECIAL TERM.—Kirby's Digest. § 1532; provides that "the judge of any circuit court may, at any time, hold a special term for the trial of persons confined in jail, by making out a written order to that effect and transmitting it to the clerk, who shall enter the same on the records of the court." Section 1534: "When a special term of the court shall be ordered under the preceding provisions, the judge ordering the same shall cause a notice to be served on the prosecuting attorney for such circuit ten days before the commencement of such special term." *Held,* that the order of the court for holding a special term, under the above sections, must be made ten days before the commencement of such special term, in order to give jurisdiction.

Appeal from Columbia Circuit Court; *G. W. Hays,* Judge; reversed.

*Henry Stevens* and *Joe E. Cook,* for appellant.

, The special term of court was not called nor ordered according to law. Kirby's Digest, §§ 1532 to 1537; *Dunn* v. *State,* 2 Ark. 229. The proceedings were *coram non judice* and void. 29 Ark. 170; 45 *Id.* 450; 62 *Id.* 543-551. The meeting of the court must be at a time authorized by law. 48 Ark. 229; 22 *Id.* 369; 60 *Id.* 158. Consent does not confer jurisdiction. 48 Ark. 151. The indictment should be quashed. 32 Ark. 117; 20 *Id.* 77; Kirby's Dig. § 2279.

*Hal. L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

The special term was legal, and the proceedings were not *coram non judice.* Kirby's Dig. §§ 1532 to 1537; 2 Ark. 229; 29 Ark. 165; 45 Ark. 450. The statute does not require the order be made more than ten days before the special term, especially when the prosecuting attorney waives the time. 62 Ark. 543; 9 *Id.* 326; 48 *Id.* 227; 79 *Id.* 293.

HART, J. On the 4th day of May, 1911, the judge of the circuit court of Columbia County made a written order for a special term of the circuit court of Columbia County to be held at Magnolia at the courthouse on the 9th day of May, 1911, for the trial of Bob Hill, who was then confined in the county jail of said county. The order was filed with the circuit clerk of said county on May 5, 1911, and by him entered of record. The circuit judge caused a written notice of the order to be directed to the prosecuting attorney, and the prosecuting attorney accepted the notice, and waived the ten days' time required by the statute.

On the 9th day of May, 1911, the circuit court met in special session at the courthouse in Columbia County. A grand jury was impaneled, and returned an indictment against Bob Hill for murder in the first degree. He was tried at the special term before a jury, and convicted of murder in the second degree. The jury assessed his punishment at ten years in the State penitentiary. The defendant has duly prosecuted an appeal to this court.

It is earnestly insisted by counsel for the defendant that

the order made and entered of record on the 5th day of May, 1911, calling a special term for the 9th day of same month, did not recite the facts according to the strict terms of the statute necessary to give authority to hold a special term of the court, and that the proceedings held thereat are *coram non judice* and void. They urge that the special term of court had no lawful existence, because the order of the circuit judge calling the same was not made ten days before the date fixed for the term to begin. Their contention calls for a construction of sections 1532 to 1537 of Kirby's Digest.

Sections 1532-1534 read as follows:

"1532. The judge of any circuit court may at any time hold a special term, for the trial of persons confined in jail, by making out a written order to that effect and transmitting it to the clerk, who shall enter the same on the records of the court."

"1533. The judge shall, in such order, direct the clerk to issue a venire facias to the sheriff, requiring him to summon a grand jury to attend such special term of court, if any person shall be confined in jail who may not have been indicted."

"1534. When a special term of the court shall be ordered under the preceding provisions, the judge ordering the same shall cause a notice to be served on the prosecuting attorney for such circuit ten days before the commencement of such special term."

In the case of *Dunn* v. *State*, 2 Ark. 229, the court held that, the power to hold a special term being a special power, every circumstance necessary to its exercise must exist and be made to appear of record, and that the power of the court to call such special term is confined to the trial of persons confined in jail when the order was made, which must be at least ten days before the term.

In the Dunn case the record showed that the proceedings were had at a special term of the court, but the order of the circuit judge for the special term did not appear of record; and it is now the contention of the Attorney General that the language of the court, to the effect that the order for the special term must be made at least ten days before the commencement of the term, is judicial dictum.

We cannot agree with his contention. It is a rule of uni-

versal application that different sections of a statute on the same subject must be read in the light of each other, and construed together.   In giving the reasons upon which the decision was based, Chief Justice RINGO, speaking for the court, among other things said:

"By authorizing special terms to be held for the trial of persons confined in jail, the Legislature intended to expedite the administration of justice in that class of cases only where the party to be tried is deprived of his liberty, and the power of the court, when properly organized, is limited to them, and can not in our opinion, under the provisions of this statute be legally exercised over any person not confined in jail when the order was made, which must be at least ten days before the commencement of the term.   Otherwise, the provisions of the thirtieth and thirty-first sections of the forty-third chapter of the Revised Statutes can not be complied with, which, although they are only directory to the judge, serve to explain and illustrate the design of the twenty-ninth section before quoted.   The former requires the judge, in his order for a special term, to issue a venire facias to the sheriff, requiring him to summon a grand jury to attend such special term, if any person shall be confined in jail, who may not have been indicted. And the latter requires the judge ordering such special term, when the same shall be ordered under the provisions above quoted, to "cause a notice thereof to be served on the attorney for the State, prosecuting for such circuit, ten days before the commencement of such special term.   We are therefore satisfied that the order for the special term must be made at least ten days before the commencement of the term," etc.

In the case of *Dixon* v. *State*, 29 Ark. 165, it was insisted that the trial of the defendant was not at a term of the court provided by law, because the record did not show that notice of the order for the special term was given to the prosecuting attorney.   The court said that the record showed that the order was transmitted to the clerk, and by him entered upon the record more than ten days before the time appointed for holding the court, and that the mere omission to notify the prosecuting attorney did not affect the jurisdiction of the court.   The court again said:

"The authority to hold the term for the trial of the de-

fendant depended upon the following facts and circumstances: That he was confined in jail awaiting trial before the court; that it did not interfere with any other court to be held by the judge, and was not to be held within twenty days of the regular term; that an order therefor had been made by the judge, at least ten days before the day appointed for holding it, and by him transmitted to the clerk, and the same had been entered upon the record, all of which appears by the record, or is within the judicial knowledge of the court."

If the court had thought that the ten days' notice was entirely for the benefit of the prosecuting attorney, and that it was not necessary for the record to show that 10 days intervened between the date of making the order and the day appointed for holding the special term, it would doubtless have based its opinion on that ground; but it will be noted that the court again said that it was necessary for the record to show that the order for the special term was made ten days before the time designated for holding the court, and bottomed its decision on the ground that the prosecuting attorney might waive the service of the notice upon himself, but not that he might waive the ten days' notice itself.

In the case of *Collier* v. *State*, 20 Ark. 36, the court said that one of the objects in requiring the order to be transmitted to the clerk and by him entered of record was to give publicity to it, and that notice of the order would hardly fail to come to the knowledge of prisoners in custody of the officers of the court.

In the case of *Crain* v. *State*, 45 Ark. 450, in discussing the statute in question, the court again said that the record must show that the order was made and entered of record ten days before the special term was to begin. The opinion in the Crain case shows that the court declined to review the proceedings of the circuit court until the record was amended to show with certainty that the order of the circuit judge for the special term was made and entered of record ten days before the term was held; and this was done expressly on the ground that the statute made it necessary that this fact should appear in order to show the jurisdiction of the circuit court, and to show that there was, in fact, a court.

The opinion in *Dunn* v. *State, supra,* was delivered in

1840, and ever since has been recognized by the court as a correct interpretation of the statute in question.    As we have already seen, the court in Crain v. State, supra, followed that construction and declined to review the proceedings until the record was amended to show the order was made and entered of record ten days before the time appointed for the special term.    It is a matter of common knowledge that the commission of certain crimes, such as murder and rape, arouses the people of the community to the highest degree of excitement, and often inflames their passions and prejudices.    Doubtless, the Legislature intended by the section of the statute in question to give time for the excitement caused by the commission of the crime to abate, and the passions thereby aroused to cool, as well as to provide a reasonable time to put the machinery of the court in motion, and to give both parties time to prepare for trial.

From the views we have expressed, it follows that the proceedings in the case can not be regarded as judicial proceedings, and, in the opinion of the majority of the court, they are, *coram non judice* and void.    This being true, the appellant can not be considered as having been, in contemplation of law, put in jeopardy thereby, and it is not necessary for us to make an abstract of the evidence or to consider any alleged assignments of error.

For the error indicated, the judgment must be reversed, and the cause remanded with directions to quash the indictment and for further proceedings according to law.

McCulloch, C. J., (dissenting).    There is not a word in the statute specifying that the order for a special term of court must be made ten days before the commencement of such term.    The only jurisdictional requirements are, that person or persons must be confined in jail awaiting trial, that the judge must make a written order and transmit it to the clerk, to be filed and entered of record, and that such special term shall not be held within twenty days of the regular term of the court. The only specifications as to time are, that the special term shall not be held within twenty days of the regular term of such court (section 1537, Kirby's Digest), and that notice shall be served on the prosecuting attorney ten days before the commencement of the special term.    The latter provision

is not jurisdictional, and such notice may be waived by the prosecuting attorney. *Dixon* v. *State*, 29 Ark. 165. The language of the opinions in the cases cited by the majority is *dictum*, and I am unwilling to follow it, as I believe it to be unsound and contrary to the plain letter of the statute. In the later cases cited the court merely followed the language of Chief Justice RINGO in the Dunn case, which was construed to mean that the order for the special term must be made ten days before it is to be commenced. But an examination of the opinion in the Dunn case does not justify the construction that the above fact is jurisdictional. In that case the point was, whether or not the omission, from the record, of the judge's order for the special term was fatal. Judge RINGO said that the authority to hold a special term depended upon the following facts:

"1st. That some person is confined in the jail who may be lawfully tried by that court upon some criminal charge. 2d. That it shall not interfere with any other court to be held by the same judge. 3d. That it shall not be held within twenty days of the regular term of such court. 4th. That an order therefor, as required by the statute, be made out by the judge and by him transmitted to the clerk; and 5th. That the same be entered on the records of the court. These circumstances are considered essential to the legal appointment, constitution and organization of a special term of the circuit court, because it is a special authority conferred upon the judge to accomplish a specific and specified purpose contrary to the general and regular course of proceeding prescribed by law, and therefore, being a special power, every circumstance necessary to its exercise must exist and be made to appear of record; otherwise, the power can not appear to have been legally exercised, and the most important circumstance upon which the right of power of a judge to order a special term of the circuit court is made to appear can not judicially appear otherwise than by being made of record."

Further on in his opinion he stated that the order must be made ten days before the commencement of the term, but he was not then speaking of the jurisdictional matter which must appear of record. He obviously referred to the requirement for giving the prosecuting attorney notice, which the

court subsequently held, in the Dixon case, *supra,* might be waived by that officer. The sole purpose of the statute is to afford means for expediting trials of accused persons confined in jail and to confer power on the circuit judge to call a special term of court for that purpose. There is nothing to indicate an intention on the part of the lawmakers to give time for public excitement to be allayed, as that would be a matter which addressed itself to the discretion of the circuit judge.

FRAUENTHAL, J., concurs.