## REECE v. STATE.

### Opinion delivered May 3, 1915.

1. CRIMINAL LAW—SPECIAL TERM—ORDER OF CIRCUIT JUDGE.—The order of the circuit judge for a special term of the court to try criminal cases is jurisdictional, and must be strictly complied with in order to give authority to indict or try criminals at that term; every fact, according to the strict terms of the statute, must be made to appear of record, otherwise the jurisdiction of the court will fail.

2. COURTS—TERM OF COURT—SPECIAL TERM—ORDER OF CIRCUIT JUDGE—NUNC PRO TUNC ORDER.—The legality of a special term of the circuit court depends upon the sufficiency of the order of court, and if that order is, on jurisdictional grounds, insufficient, an amendment can not relate back so as to legalize a term of court which was not valid at the time it was held.

3. CRIMINAL LAW—SPECIAL TERM—ORDER OF CIRCUIT JUDGE—WHO MAY BE TRIED.—Only those persons may be tried at a special term of the circuit court, who are specially designated in the order of court calling the special term.

Appeal from Mississippi Circuit Court, Chickasawba District; *W. J. Driver*, Judge; reversed.

*W. D. Gravette* and *S. R. Simpson*, for appellant.

1. The special term of court was not legally organized. It is essential to the legal organization of a special term of the circuit court that the order therefor state (1) that there is some person or persons confined in jail, naming him or them, who may be tried upon some criminal charge; (2) that no other court must intervene; (3) that it must not be within twenty days of a regular term; (4) that the order be made out by the judge and transmitted to the clerk and be by him entered of record at least ten

days before the appointed day. To give jurisdiction to the court, all these requirements must appear from the order made by the circuit judge, and not otherwise and at such special term, no other person or persons than the one or more named in the order, and who was or were confined in jail at the time the order was made, can be tried. 2 Ark. 230; 9 Ark. 326; 29 Ark. 170; 45 Ark. 453; 79 Ark. 297; 100 Ark. 373; 103 Ark. 450, and cases cited.

2. The status of the case is not changed by the amendment of the record *nunc pro tunc*, which was unauthorized. The purpose of an amendment of a record by *nunc pro tunc* order is to make it speak the truth, and a court can not exercise this power to make the record speak what it should have spoken, but in fact did not speak. 87 Ark. 441; 35 Ark. 278; 31 Ark. 194; 40 Ark. 224; 78 Ark. 364; 92 Ark. 305; 72 Ark. 22; 55 Ark. 30; 93 Ark. 237; 99 Ark. 435; 93 Ark. 558.

*Wm. L. Moose*, Attorney General, and *Jno. P. Streepey*, Assistant, for appellee.

The order for a special term contains the proper averments, and notice thereof was properly served. As to the objection that the appellant was not named in the order, it is sufficient to say that the order prepared by the judge followed the language of the statute.

McCULLOCH, C. J. A grand jury impaneled at a special term of the circuit court of Mississippi County, Chickasawba District, held on August 24, 1914, returned an indictment against appellant, E. Reece, for the crime of murder in the first degree, and at the next regular term of said court appellant was tried and convicted of murder in the second degree. The validity of the indictment was and is challenged on the ground that the special term of court, and the grand jury which was empaneled at that term, was illegal because not called by the circuit judge in the manner prescribed by the statute. The order of the circuit judge was directed to the clerk, and is in the following form:

"Whereas, the undersigned judge of the circuit court for the Second Judicial Circuit for the State of Arkansas,

being informed that a large number of persons are confined in the jail house, for said district, in said county, and State, charged with crime and are unable to give bail, and that a large number of persons aforesaid have not been indicted heretofore. Now, therefore, you are hereby directed to issue a *venire facias* to the sheriff of Mississippi County, requiring him to summon a grand jury to attend a special term of the circuit court in the second division, to be holden at the courthouse in the city of Blytheville, in said Chickasawba District of Mississippi County, Arkansas, on Monday, the 24th day of August, 1914, the same being a date at which no regular or adjourned session of the circuit court in the second division thereof is in session, and said date not being within twenty days of any regular term of said court in said division.''

It will be observed in the first place that the instrument prepared and signed by the judge does not in express terms order that a special term be held on the date named. According to the express language used, it only recites the necessity for holding a special term of the court for the purpose of trying persons confined in jail, and directs the clerk to issue a *venire facias* to the sheriff requiring him to summon a grand jury to attend a special term to be holden at the courthouse on the day named.

The first point made against the legality of the proceedings is that there was no special term called. Our statute on this subject is a part of the Revised Statutes and was copied literally from a Missouri statute, and the Supreme Court of Missouri, in the case of *Mary* v. *State,* 5 Mo. 71, decided in 1837, which was before the statute was adopted in this State, held that an order substantially in the same language as the one now under consideration was sufficient to amount to a direction to hold the term of court. However, we need not discuss that point further or decide it in the present case, as we have reached a conclusion disposing of the case on another point.

(1)   The principal contention is that the form of the order is insufficient to give vitality to the special term

of court for the reason that it fails to designate the accused persons who were to be indicted and tried. The order, as will be seen from its inspection, merely recites that the judge is "informed that a large number of persons are confined in the jail house  *   *   * charged with crime and are unable to give bail, and that a large number of persons aforesaid have not been indicted heretofore." The order does not designate any individual nor does it expressly direct that all persons confined in jail are to be tried at a special term of court. We have decided that the order of the circuit judge for a special term of the court to try criminal cases is jurisdictional and must be strictly complied with in order to give authority to indict or try criminals at that term. In *Beard* v. *State,* 79 Ark. 293, we said: "It has been held by this court that every fact, according to the strict terms of the statute, must be made to appear of record, otherwise the jurisdiction of the court will fail. *Dunn* v. *State,* 2 Ark. 230; *Pulaski County* v. *Lincoln,* 9 Ark. 326. The order of the judge must therefore recite every jurisdictional fact, because in no other way can those facts appear upon the record." The same rule announced in the more recent case of *Hill* v. *State.* 100 Ark. 373.

(2)   Since the case came here on appeal, the circuit court, has on motion of the prosecuting attorney, amended the order, *nunc pro tunc,* so as to specify that appellant was confined in jail and that the special term of court was called to impanel a grand jury and indict appellant on the charge for which he was confined. In *Beard* v. *State, supra,* we pretermitted any discussion of the question whether or not the court had the power, after indictment and trial of an accused under such circumstances, to make an order amending the original order of the judge calling the special term of the court. In that case it was unnecessary to decide the question for the reason that we held that the unamended order was sufficient under the law. Upon further consideration now, we are clearly of the opinion that since the order of the judge calling a special term of the court is jurisdic-

tional, it cannot, if found to be insufficient, be validated by a subsequent order of the court amending it so as to establish the jurisdiction of the court. The legality of the term of court depends upon the sufficiency of the order of the court, and if that order is, on jurisdictional grounds, insufficient, an amendment cannot relate back so as to legalize a term of court which was not valid at the time it was held. We must therefore test this case by a solution of the question whether or not the original order of the trial judge, calling a special term of the court at which appellant was indicted, was in conformity with the statute and sufficient to give the court jurisdiction.

*Dunn* v. *State,* 2 Ark. 230, was decided by this court in the year 1840, which was shortly after the adoption of the Revised Statutes containing the provision now under consideration. The statute was thoroughly considered and rules were laid down concerning the form of the order of the circuit judge necessary to give the court jurisdiction at a special session. After summarizing the essential features of the order, the court said: "We are therefore satisfied that the order for the special term must be made at least ten days before the commencement of the term, and designate the persons to be there tried, and state they are confined in jail, and whether they have been indicted, previously or otherwise, and if they, or either of them, have not been indicted for the offence for which he is to be there tried, the order must contain a direction to the clerk to issue a *venire facias* to the sheriff, requiring him to summon a grand jury to attend such special term of the court." The court further said in the opinion that no persons other than those in jail at the time the order was made, and designated in the order, could be tried. If that be the effect of the statute, it is clear that a mere recital that numerous persons are in jail is not sufficient designation of the persons to be indicted or tried.

(3) It is urged on behalf of counsel for the State that the ruling in *Dunn* v. *State,* with respect to the points

referred to, was *dictum*. The same point was made in *Hill* v. *State, supra,* but we said that the doctrine laid down in the Dunn case had been recognized ever since by this court as the correct interpretation of the statute, and that that interpretation should not now be departed from. Moreover, we are convinced, upon a reconsideration of the matter, that that interpretation was correct. A limited jurisdiction is conferred by the statute, and the purpose was clearly to provide for calling a special session in particular cases. The court has no right to try cases at a special term other than that designated in the order, nor has the grand jury impaneled at such term general powers of inquisition, but is limited to an inquiry into those matters specially embraced in the call. The general policy of our statutes is to provide for trial of cases at regular terms of court, of which the public is advised by the statute itself fixing the time for holding court. The statute now under consideration merely provides for an emergency, and the thought of the lawmakers was that in particular cases, where persons charged with crime are confined in jail, the court should have power to call a special term of the court to try those particular persons. Of course, the judge could specify more than one accused person in the order but, after all, the order is to be for the trial of the persons specially designated and no others.

We are of the opinion, therefore, that the indictment in this case cannot be sustained without departing from long established rules of practice laid down by this court in the interpretation of the statute under consideration. It follows that the judgment must be reversed and the cause is remanded with directions to quash the indictment, and for further proceedings in accordance with the statutes covering such cases.

KIRBY, J. dissents.