Fultz *v.* State.

4101                                         121 S. W. 2d 111.

Opinion delivered November 14, 1938.

*Lawrence E. Wilson,* for appellant.

*Jack Holt,* Attorney General, and *Jno P. Streepey,* Assistant Attorney General, for appellee.

McHaney, J. Appellant was indicted, tried, convicted of murder in the first degree and sentenced to life imprisonment in the state penitentiary.

For a reversal of the judgment against him, he contends that there are several errors, hereinafter discussed, apparent on the face of the record. There is no bill of exceptions.

Appellant's trial began on May 30, 1938. He appeared in person and by counsel, and, in open court, waived arraignment and the drawing of a jury, entered his plea of not guilty, and announced ready for trial.

His trial resulted in the verdict and judgment heretofore mentioned on June 2, 1938. The regular April, 1938, term of said court convened according to law on April 18, 1938, same being the third Monday in April. The opening order of said court is as follows: *"Be It Remembered,* That on this 18th day of April, 1938, the same being a day regularly prescribed by the statutes of the state of Arkansas for the convening of the Ouachita circuit court, first division, and pursuant to such authority, court met, present and presiding the Honorable L. S. BRITT, judge of the Ouachita circuit court, first division, court was duly and regularly opened, and the following proceedings were had and done, to-wit:" It is appellant's first contention that the court was in continuous session from April 18 to April 27, both inclusive, but that it was not in session from May 24 to June 2, inclusive, during which time he was indicted, tried, convicted and sentenced, and if not in session, its proceedings would be void. He contends that no proceedings were had in said court after April 27, to May 24, and that no day was fixed for an adjourned day of said court. A sufficient answer to this contention would seem to be that the court was in continuous session from April 18, to June 2, so far as the record before us shows. It fails to show any adjourning order on April 27 to any future date. We will, therefore, presume the court was in continuous session in the absence of an adjourning order, or that the term lapsed by operation of law.

Section 31 of initiated act No. 3 adopted by the people in 1936, Acts 1937, p. 1384, reads as follows: "When any circuit court is duly convened for a regular term, the same shall remain open for all criminal proceedings until its next regular term, and may be in session at any time the judge thereof may deem necessary; but no such session shall interfere with any other court to be held by the same judge. If the time has not been previously fixed by the court, or unless in such cases they are required by law to take notice, all interested parties shall receive notice of any proceedings affecting their

rights, and shall be given time to prepare to meet such proceeding.''

The General Assembly of 1937 enacted act 201 which reads as follows: ''Section 1. When any circuit court is duly convened for a regular term the same shall remain open for all purposes until its next regular term and may be in session at any time the judge thereof may deem necessary, but no such session shall interfere with any other court to be held by the same judge. Where a session is held other than upon an adjourned day five (5) days' notice thereof shall be given by the posting upon the door of the circuit court room, a notice that such session will be held, and all parties interested shall take notice thereof.

''Section 2. When a session is held other than on an adjourned day, in addition to the notice set out in § 1 hereof, the clerk of said court shall notify the attorneys and all interested parties, of the convening of said court.''

Counsel for appellant and the state's attorney rely upon these acts. We think they are not applicable here as there is no showing that the court ever adjourned between April 18 and June 2, 1938. If it had done so, and not to an adjourned day, then to reconvene and be in session legally, the record of reconvening would have to show affirmatively a compliance with the provisions of the statute, for instance the posting of the notice on the door of the circuit court room and the giving of notice by the clerk to the attorneys and all interested parties. It has long been the rule of this court that for the circuit court to hold a special term, as said in *Dunn* v. *State,* 2 Ark. 229, to quote a headnote, ''being a special power, every circumstance, necessary to its exercise, must exist, and be made to appear of record; otherwise the power cannot appear to have been legally exercised.'' And in *Beard* v. *State,* 79 Ark. 293, 95 S. W. 995, 97 S. W. 667, 9 Ann. Cas. 409, it was said: ''It has been held by this court that every fact, according to the strict terms of the statute, must be made to appear of record, otherwise the jurisdiction of the court will fail. *Dunn* v. *State,* 2

Ark. 229, 35 Am. Doc. 54; *Pulaski County* v. *Lincoln,* 9 Ark. 320. The order of the judge must, therefore, recite every jurisdictional fact, because in no other way can those facts appear upon the record.'' See, also, *Hill* v. *State,* 100 Ark. 373, 140 S. W. 576; *Reece* v. *State,* 118 Ark. 310, 176 S. W. 165. Numerous other cases to the same effect might be cited. Here there might have been a hiatus in the business of the court between April 27 and May 24, but the fact remains the court did not adjourn *sine die* or to a day certain, and, therefore, it must have been continuously in session. If so, a compliance with either or both of said acts was not in order.

It is next said the record fails to show the empaneling of the grand jury. In this appellant is in error. By supplemental record, sent up on certiorari, the order of court empaneling and swearing the grand jury is shown when court convened on April 18. On April 20 the grand jury was excused ''from further service for the term unless recalled by the court.'' The same grand jury was reconvened on May 24 upon order of the court and returned the present indictment. Since, as we have already shown, the court was in continuous session from April 18, the order directing the sheriff to reconvene the grand jury called back into service the same grand jury which had already been legally empaneled and sworn. It was excused for the term conditionally, that is, ''unless recalled by the court,'' and it was recalled.

It is also argued that the petit jury was not properly empaneled and sworn. Any question about the manner of empaneling the petit jury must be raised by a bill of exceptions and carried into a motion for a new trial. There being no bill of exceptions we cannot consider the manner of their selection. The record does show, however, that they were ''duly selected, empaneled and sworn to try this cause as the law directs.''

Another assignment of error is that the court erred in refusing a new trial on account of newly-discovered evidence. It is based on the fact that one Ernest Chatman had signed an affidavit, retracting his testimony given on the trial of appellant, and that the testimony of

Chatman was substantially all the evidence on which to base a verdict against appellant. There being no bill of exceptions, we cannot know that Chatman was a witness in this case, that he testified against appellant, or that his testimony was all the state had on which to base a conviction. There is nothing in the record to show that the second or supplemental motion for a new trial was ever presented to or acted upon by the trial court. We cannot, therefore, consider it because it is not properly before us as a part of the record in this case. *Brockelhurst* v. *State*, 195 Ark. 67, 111 S. W. 2d 527.

We find no error, and the judgment must be affirmed. It is so ordered.