

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 19, 1962

Mr. Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas

Dear Mr. Resweber:

Opinion No. WW-1454

Re: Whether the county court under Article 5547-38, Vernon's Civil Statutes, can commit an individual, found to be mentally ill, to a mental hospital for a period not to exceed any specific number of days less than 90 days.

You have requested an opinion regarding the authority of the County Court, to commit a person for a period of any specific number of days less than 90 days, consistent with the provisions of Article 5547-38, Vernon's Civil Statutes.

The applicable portion of Article 5547-38, Vernon's Civil Statutes, states in part:

". . .the court shall order that the mentally ill person be committed as a patient for observation and/or treatment in a mental hospital <u>for a period not exceeding ninety (90) days</u>." (Emphasis added)

In construing statutes, the courts of this State have held consistent with Article 10 (1), Vernon's Civil Statutes, that the natural and commonly understood meaning will be given to words used in a statute unless it is plain or clear from the statute as a whole that such construction would defeat the manifest intention of the Legislature.

The phrase "not exceeding ninety (90) days" has an ordinary and common meaning denoting a maximum that cannot be exceeded but which necessarily authorizes any lesser period of time. Consistent with this generally understood meaning, the words "not exceeding" have been characterized as words of limitation, and, standing alone are ordinarily construed as such. <u>City of Kingsville v. Meredith</u>, 103 F.2d 279 ( C.C.A. 5th, 1939).

In <u>Brockelhurst v. State</u>, 195 Ark. 67, 111 S.W.2d 527 (1937), the appellant questioned the trial courts' authority to commit him for a period not to exceed 15 days where the statute

authorized commitment "for such time as the court shall direct, not exceeding one month." At page 528, the Arkansas Supreme Court upheld the trial court's 15 day commitment on the ground that the words "not exceeding" were words of limitation and merely set a time beyond which the trial court could not go. It is presumed that every word, sentence or provision was intended for some useful purpose and has some force and effect. Lyles v. Oheim, 138 Tex. 133, 142 S.W.2d 959, aff. 159 S.W.2d 102, (Civ.App., 1940).

Therefore, unless such a construction would conflict with other provisions of the Mental Health Code, it appears that the plain meaning of Article 5547-38, Vernon's Civil Statutes, would authorize commitment for any period from 1 to 90 days.

An examination of the other provisions of the Mental Health Code reveals two other Sections affecting the length of commitment. Both of these Sections take effect subsequent to the commitment and prior to the date of release set out in the court order. One of these, Article 5547-78 (a) authorizes the head of the hospital to file an application for temporary hospitalization or indefinite commitment where it has been determined that further hospitalization is necessary. Conversely, Article 5547-80 (a) authorizes the head of the hospital to discharge a patient at any time no longer requiring hospitalization.

It is submitted that these sections do not conflict with the County Court's original authority to commit the patient but rather are additional provisions merely intended to provide a simple and effective manner to more accurately fulfill the needs of the individual patient. The discretion vested in the head of the hospital would remain in full force and effect under the construction of the Court's authority as given above, and therefore it appears that these provisions present no real conflict with such natural meaning construction.

It is also persuasive that the authority for this statute, Article I and XV, Constitution of Texas, provides for commitment "for a period of time not to exceed ninety (90) days." Giving effect to the plain provisions, without adding to, detracting from or changing the law, clearly indicates that any period of time not exceeding 90 days was authorized by the Constitution and declared again by statutory enactment.

## S U M M A R Y

The County Court is authorized to commit a person to a mental hospital for temporary hospitalization for

any period of time not exceeding 90 days.

Sincerely,

WILL WILSON
Attorney General of Texas

By: *Paul Phy*
 Paul Phy
 Assistant

PP:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Grady Chandler
Ben Harrison
Scranton Jones

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore