THE STATE OF MONTANA, PLAINTIFF AND RESPONDENT, *v.*
MICHAEL KEVIN KYLE, DEFENDANT AND APPELLANT.

No. 14656.
Submitted on Briefs May 27, 1980.
Decided Aug. 13, 1980.
628 P.2d 260.

Daniel V. Donovan, Public Defender, Michael McPherson, Public Defender, Great Falls, for defendant and appellant.

Mike Greely, Atty. Gen., Helena, J. Fred Bourdeau, County Atty., Great Falls, for plaintiff and respondent.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

The defendant appeals from a judgment of the District Court of the Eighth Judicial District, Cascade County, finding him guilty of burglary, a felony, and theft, a misdemeanor.

At approximately 11:00 p.m. on the night of March 15, 1978, Sergeant Bowen of the Great Falls Police Department observed a pickup truck parked in the emergency lane of Tenth Avenue South in Great Falls. Slowing to investigate, Bowen observed the defendant, Michael Kevin Kyle, standing in the open doorway of a mobile home. The mobile home was situated about five to ten feet from the pickup, on a mobile home sales lot. The defendant was holding what appeared to be a bundle of clothing or bedding. Sergeant Bowen radioed for assistance. He then proceeded to turn his patrol car around and parked in a position to observe defendant. Defendant drove off in the truck and Sergeant Bowen stopped him about six blocks away, at which time Bowen noted items of bedding in the cab of the truck, and bed springs, pillows, and other bed parts in the back of the truck. The defendant was subsequently arrested and charged with burglary and theft.

On April 10, 1978, defendant filed a notice of intent to rely on

the defense of mental disease or defect excluding responsibility. On April 25, 1978, the State filed a motion for a psychiatric evaluation, and the court appointed the superintendent of Warm Springs State Hospital to conduct an examination. Defendant was subsequently examined at Warm Springs. In July 1978, defendant moved for an additional psychiatric examination, contending that the superintendent at Warm Springs had not conducted the examination himself, as was designated in the order. The trial judge denied defendant's motion, finding the report from Warm Springs to be in compliance with the reports routinely issued from Warm Springs.

After the State rested its case at trial, defendant moved for a directed verdict on count one, burglary. Counsel argued that the State failed to present evidence to support a finding that Kyle had entered or remained in an "occupied structure," for the purposes of a burglary conviction under section 45-6-204(1), MCA. He asserted that a mobile home on a sales lot, was not capable of human occupancy while unheated, unplumbed, and unlighted. Defendant's motion for a directed verdict was denied.

After both sides rested at trial, defendant offered the court his proposed instructions Nos. 18, 19, and 20, which set forth the requirements for a jury finding of the lesser included offense of criminal trespass. Defense counsel argued that the jury could find defendant guilty of criminal trespass, rather than burglary, if the jury should determine that the mobile home was not an "occupied structure." The court determined that there was sufficient evidence to go to the jury on the burglary charge, and refused to give defendant's proposed instructions.

The jury found the defendant guilty of burglary and theft. He was sentenced to eight years. Defendant appeals from the judgment and presents three issues on appeal:

1. Whether the District Court erred in denying defendant's motion for a second psychiatric evaluation of defendant?

2. Whether a mobile home on a mobile home sales lot is an "occupied structure" within the definition of section 45-2-101(34), MCA?

3. Whether the District Judge properly refused defendant's proposed instructions on the lesser included offense of criminal trespass?

■ Defendant contends that his psychiatric examination at Warm Springs State Hospital did not comply with the court-ordered examination because it was not conducted in full by Dr. E.P. Higgins, Acting Superintendent. The District Judge issued the following order:

"IT IS HEREBY ORDERED that the Superintendent of the Warm Springs State Hospital is hereby appointed as the psychiatrist to conduct the psychiatric examination of the Defendant, pursuant to *Section 95-505, R.C.M. 1947 as amended*, [now section 46-14-202, MCA] and to make his report as prescribed by statute."

On June 14, 1978, the District Court received the psychiatric report from Warm Springs signed:

"Sincerely,
/s/ Katherine Gallagher
Katherine Gallagher
Psychologist, License #41
"For:
E. P. Higgins, M.D.
Acting Superintendent"

Counsel's argument that the manner in which this examination was conducted entitled him to a further examination is without merit. The statute relied on by Judge Roth in ordering the examination provides in pertinent part that:

". . . the court shall appoint at least one qualified psychiatrist or shall request the Superintendent of Warm Springs state hospital to designate at least one qualified psychiatrist, which designation may be or include himself, to examine and report upon the mental condition of the defendant." Section 46-14-202(1), MCA.

As defendant points out the superintendent was designated in the court order as the psychiatrist to conduct the examination. Undoubtedly the superintendent treated this order as he would treat

any other order to conduct an examination; he designated certain staff members to assist in this task. Defendant admits that he was examined at least in part by Dr. Xanthopoulos, the superintendent of Warm Springs at the time the order was issued and the psychiatrist with whom his counsel had communicated prior to the examination. He was examined by other staff persons, primarily Katherine Gallagher, psychologist. The record is silent as to the role of Dr. Higgins, acting superintendent, in defendant's examination, although his name also appears on the report.

In reviewing the record as a whole, we conclude that defendant's evaluation was in compliance with the court order, and the statutory requirements. See, *Knaub v. State* (Alaska 1968), 443 P.2d 44, *cert. denied*, 393 U.S. 1039, 89 S.Ct. 661, 21 L.Ed.2d 586 (1969); *Brockelhurst v. State* (1937), 195 Ark. 67, 111 S.W.2d 527; Annot. 32 A.L.R.2d 434 (1953). Counsel's demand that psychiatric examinations at Warm Springs, sometimes running for days and including a wide range of tests, be conducted in full by one person, is unrealistic. The District Court judge correctly held that defendant's examination complied with reports routinely issued from the superintendent of Warm Springs, and that defendant was not entitled to a second evaluation.

Defendant next argues that he was entitled to a directed verdict on count one, burglary. The record shows that he broke into a furnished mobile home located on the sales lot of the Falls Mobile Home Center. Defendant contends that such a structure is not an "occupied structure" for purposes of a burglary conviction under section 45-6-204(1), MCA. We find that the mobile home satisfied the definition of an "occupied structure" set forth in section 45-2-101(34), MCA:

" 'Occupied structure' means any building, vehicle, or other place suit[ed] for human occupancy or night lodging of persons or for carrying on business, whether or not a person is actually present. Each unit of a building consisting of two or more units separately secured or occupied is a separate occupied structure."

In *State v. Sunday* (1980), 187 Mont. 292, 609 P.2d 1188, 37

St.Rep. 561, 564, this Court found that a tack shed was an "occupied structure" within the meaning of the statute. In that case we noted:

"[t]he intent of the burglary statute was to prohibit wrongful intrusions into those places where the threat to people was most alarming. . . . Thus, in defining 'occupied structure,' the legislature included those places where the chance of human confrontation was most likely. . . ." *State v. Sunday*, Mont. 609 P.2d at 1193, 37 St.Rep. at 564.

The tack shed in *Sunday* was used for storing horse tack, which was determined to be an integral part of the McLeans' horse rental business. Guests and employees of the McLeans' resort used the shed frequently and at irregular hours. That structure was a "building suited for carrying on business."

A comparable situation exists here. The furnished mobile home on the sales lot is an integreal part of the mobile home business. Employees and customers of the business may enter the structure at irregular times. It is a structure suitable for carrying on business and is so used for that purpose. Because the trial judge properly determined that the mobile home was an "occupied structure," he correctly denied defendant's motion for a directed verdict on the burglary charge.

■ The last specification of error alleged by defendant is that the District Court erred in not instructing the jury on the lesser included offense of criminal trespass. It is a fundamental rule that the defendant is entitled to an instruction on a lesser included offense if the evidence would enable the jury rationally to find him guilty of a lesser offense and to acquit him of the greater. *Keeble v. United States* (1973), 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844, 847; *State v. Bouslaugh* (1978), 176 Mont. 78, 576 P.2d 261, 263, 35 St.Rep. 319. But this Court has held that the District Court will not be put in error for refusing to instruct as to the lesser included offense, if the evidence is such to show that the defendant is either guilty of the offense charged or entitled to an acquittal. *Bouslaugh*, supra, Mont., 576 P.2d at 263; *State v. McDonald* (1915), 51 Mont. 1, 16, 149 P. 279, 285.

■ In the instant case, the trial judge properly determined that the mobile home was an occupied structure within the statute. Section 26-1-201, MCA. Once that determination was made, the evidence was not in dispute; the defendant was either guilty of burglary or entitled to an acquittal. The trial judge acted correctly in not giving the instructions on the lesser included offense.

The verdict and the judgment of the District Court are affirmed.

MR. JUSTICES, DALY, HARRISON and SHEEHY concur.